# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| **FRANK MERLINO, individually and on behalf of other similarly situated employees,** | Case No. |
| v. | |
| **SIRIUS TECHNICAL SERVICES, INC.** | |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Frank Merlino (Merlino) and other workers like him were not paid overtime as required by the Fair Labor Standards Act (FLSA) for work they performed for Sirius Technical Services, Inc. (Sirius).

2. Sirius provides workforce solutions to companies in the industrial, commercial, and government sectors.

3. It has placed thousands of professional and technical employees in positions.

4. Merlino and the other workers like him are those Sirius employees who were paid the same hourly rate for all hours worked, including those in excess of 40 hours in a workweek.

5. Merlino brings this lawsuit to recover unpaid overtime on behalf of himself and those similarly situated employees who elect to opt-in to this action.

### JURISDICTION AND VENUE

6. This Court has original jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331(a) because this Action involves a federal question under the FLSA.

7. Venue is proper in this Court because the Parties have agreed to venue in the Southern District of Texas, Galveston Division.

## THE PARTIES

8. Merlino is an adult individual who is a resident of the State of New York.

9. During the relevant time period, Merlino was an hourly employee of Sirius.

10. Merlino worked as a Mechanical Supervisor for Sirius from January of 2014 until roughly the summer of 2019.

11. Merlino was staffed by Sirius to Entergy.

12. While working for Sirius, Merlino was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation.

13. Merlino's written consent is attached as Exhibit A.

14. Merlino performed day-to-day power plant maintenance for Sirius.

15. Merlino coordinated welders and skilled laborers to perform power plant services.

16. Merlino acted as a liaison between Sirius and Entergy.

17. Merlino reported his hours to Sirius.

18. Merlino received a paycheck from Sirius.

19. Merlino brings this action on behalf of himself and all other similarly situated hourly employees paid straight time for overtime, under the collective action provisions of the FLSA. *See* 29 U.S.C. §216(b). The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All individuals who worked for Sirius during the past three years who were paid straight time for overtime (the Putative Class Members).**

20. The Putative Class Members are easily ascertainable from Sirius' business and personnel records.

21. Sirius is a leading national professional staffing agency.

22. When the Putative Class Members work for Sirius, it maintained the ability to hire and fire, supervise and control, set pay, determine hours, and approve time sheets with respect to these workers.

23. Sirius may be served with process by serving its registered agent Charles H. Busby, 3515 Hurricane Bay Dr., Theodore, Alabama 36582.

## COVERAGE UNDER THE FLSA

24. At all relevant times, Sirius was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25. At all relevant times, Sirius was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

26. At all relevant times, Sirius was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

27. At all relevant times, Sirius has had and has an annual gross volume of sales made or business done of not less than $1,000,000.

28. At all times hereinafter mentioned, Merlino and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## THE FACTS

29. Sirius paid Merlino according to its straight time for overtime policy.

30. During the relevant period, Merlino worked for Sirius as an hourly employee.

31. Sirius set Merlino's schedule.

32. Merlino was paid by the hour.

33. Merlino was paid $85 per hour for hours approved by Sirius.

34. If Merlino worked fewer than 40 hours in a week, he would be paid only for the hours he actually worked.

35. But Merlino regularly worked more than 40 hours in a week.

36. Merlino routinely worked 60 hours a week.

37. The hours Merlino and the Putative Class Members worked are reflected in Sirius' payroll records, which have or should have been maintained by Sirius in the ordinary course of business.

38. Sirius paid Merlino and the Putative Class Members the same hourly rate for all hours worked, including for those hours in excess of 40 hours in a single workweek.

39. Merlino and the Putative Class Members did not receive overtime for all hours worked in excess of 40 hours in a single workweek while working for Sirius.

40. Rather than receiving time and half as required by the FLSA, Merlino and the Putative Class Members only received straight time pay for overtime hours worked.

41. This straight time for overtime payment scheme violates the FLSA.

42. Sirius paid Merlino and the Putative Class Members on an hourly basis.

43. Sirius never guaranteed Merlino and the Putative Class Members a minimum weekly salary irrespective of days or hours worked.

44. Sirius did not pay Merlino and the Putative Class Members on a salary basis.

45. Sirius was aware of the overtime requirements of the FLSA.

46. Nevertheless, the hourly employees like Merlino and the Putative Class Members did not receive overtime while working for Sirius.

## COLLECTIVE ACTION ALLEGATIONS

47. The illegal pay practices imposed on Merlino was imposed on members of the Putative Class Members.

48. Merlino brings this case on behalf of himself and the Putative Class Members.

49. The illegal straight time for overtime policy Sirius imposed on Merlino was likewise imposed on the Putative Class Members.

50. The Putative Class Members are geographically diverse and spread throughout the country.

51. The Putative Class Members were victimized by the straight time for overtime policy which is in willful violation of the FLSA.

52. Sirius regularly assigned the Putative Class Members to work away from their homes.

53. Based on his experiences and tenure with Sirius, Merlino is aware that Sirius' illegal practices were imposed on the Putative Class Members.

54. The Putative Class Members were denied overtime when they worked more than 40 hours per week.

55. Sirius' failure to pay overtime at the rates required by the FLSA results from a generally applicable, systematic policy which is not dependent on the personal circumstances of the Putative Class Members.

56. Merlino's experiences are therefore typical of the experiences of the Putative Class Members.

57. The specific job titles or precise job locations of the Putative Class Members do not prevent collective treatment.

58. Merlino has no interests contrary to, or in conflict with, the Putative Class Members that would prevent collective treatment.

59. Like the Putative Class Members, Merlino has an interest in obtaining the unpaid overtime wages owed under the FLSA.

60. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

61. Absent a collective action, many Putative Class Members will not obtain redress of their injuries and Sirius will reap the unjust benefits of violating the FLSA.

62. Furthermore, even if some of the Putative Class Members could afford individual litigation against Sirius, it would be unduly burdensome to the judicial system.

63. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

64. The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members.

65. Merlino and the Putative Class Members sustained damages arising out of Sirius' illegal and uniform employment policy.

66. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Sirius' records and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

67. As part of a regular business practice, Sirius intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Merlino and members of the Putative Class Members.

68. Sirius was aware, or should have been aware, that federal law required them to pay Merlino and members of the Putative Class Members overtime premiums for all hours worked in excess of 40 per workweek.

69. Numerous Putative Class Members were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

70. The precise size and the identity of the Putative Class are ascertainable from the business records, tax records, and/or employee or personnel records maintained by Sirius.

### CAUSE OF ACTION – FLSA OVERTIME WAGES

71. The failure to pay Merlino and the Putative Class Members at one-and-one-half times their regular rates violated the FLSA's overtime provisions.

72. Sirius owes Merlino and the Putative Class Members overtime pay at the proper overtime rate.

73. Sirius did not make a good faith effort to comply with the FLSA with respect to the compensation of Merlino and the Putative Class Members.

74. Because Sirius knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Sirius owes these wages for at least the past three years.

75. Sirius is liable to Merlino and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

76. Merlino and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### JURY TRIAL

77. Merlino requests a trial by jury.

### PRAYER

78. Merlino, individually, and on behalf of himself and the Putative Class Members, respectfully requests that this Court grant the following relief:

    a. An Order designating the Putative Class Members as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly

situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.  For an Order finding Sirius liable to Merlino and the Putative Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

c.  For an Order awarding attorneys' fees, costs and pre- and post-judgment interest at the highest available rates; and

d.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Michael A. Josephson*
**Michael A. Josephson**
Texas Bar No. 24014780
S.D. Tex. ID No. 27157
**Andrew Dunlap**
Texas Bar No. 24078444
S.D. Tex. ID No. 1093163
**Richard M. Schreiber**
S.D. Tex. ID No. 705430
Texas Bar No. 24056278
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
S.D. Tex. ID No. 21615
8 Greenway Plaza, Suite 1500
**BRUCKNER BURCH, PLLC**
Houston, Texas 77046
(713) 877-8788 - Telephone
(713) 877-8065 - Facsimile
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFF**